Filed 9/2/22  In re W.L. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re W.L., a Person Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>L.L.,<br><br>    Defendant and Appellant. | G061271<br><br>(Super. Ct. No. 20DP1587)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Robert Gerard, Judge.  Conditionally reversed and remanded.

Lauren K. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Karen L. Christensen and Aurelio Torre, Deputy County Counsels, for Plaintiff and Respondent.

No appearance for the minor.

L.L. (Father) appeals from the order terminating parental rights to his daughter W.L. and placing her for adoption.  (Welf. & Inst. Code, § 366.26.)[1]  He contends the order must be reversed because the Orange County Social Services Agency (the Agency) and the juvenile court failed to comply with their respective duties under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) and related California law.[2]  His contention is based on the Agency's failure to ask certain extended relatives (paternal aunt B.L., her spouse H.L., and B.L.'s mother-in-law) whether the child may have Indian heritage.  The Agency concedes these relatives were not asked about Indian ancestry as required under state ICWA requirements (§ 224.2, subd. (b)) and the matter must be remanded.  We agree.

We conditionally reverse the order terminating Father's parental rights and remand for the limited purpose of ensuring compliance with ICWA and related state law. As explained further in the disposition, *post*, we direct the Agency and juvenile court to satisfy their duties under ICWA and related California law within certain time periods, given the importance of expediency and need for finality at this stage.[3]  Once the Agency has satisfied its duties, if the juvenile court finds ICWA does not apply to the proceedings involving W.L., then the order terminating parental rights and placing W.L. for adoption shall be reinstated.

---

[1]  All further statutory references are to the Welfare and Institutions Code.

[2]  Because ICWA and related California statutes use the term "Indian," we do the same for consistency, but we acknowledge other terms are preferred.  (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

[3]  Furthermore, we encourage the parties to stipulate to the immediate issuance of the remittitur in this case.  (See Cal. Rules of Court, rule 8.272(c)(1).)

On December 13, 2020, the juvenile court issued a protective custody warrant for W.L. and her siblings, A.W. and O.L. W.L. and O.L. were placed with B.L., and A.W. was placed in a foster home.

The detention report, filed in December 2020, indicated W.L.'s mother (Mother) had denied any Indian ancestry. A dependency petition was filed the same day, alleging the children came within the court's jurisdiction under section 300, subdivision (b)(1) (failure to protect). The Indian Child Inquiry Attachment to the petition (Judicial Council of California form ICWA-010(A)) stated the social worker had questioned Mother about W.L.'s Indian status and Mother "gave [her] no reason to believe the child is or may be an Indian child."

At the detention hearing, the juvenile court found Father to be the presumed father of W.L. Both parents, through counsel, denied any Indian ancestry. Father filed a Parental Notification of Indian Status form (Judicial Council of California form ICWA-020), checking the box that stated none of the indicators of possible Indian status listed on the form applied. The form, however, was not signed by Father or his counsel. The court found ICWA did not apply to W.L.

The jurisdiction/disposition report noted the juvenile court had found ICWA did not apply to W.L. In the jurisdiction/disposition report and an addendum report, the social worker described multiple contacts the Agency had with B.L. and H.L. regarding the care and custody of W.L. However, there was no indication the Agency asked them about W.L.'s potential Indian heritage.

At the jurisdiction hearing in March 2021, the juvenile court found the allegations of the amended petition true and adjudged the children to be dependents of the court. (§ 360, subd. (d).) Throughout the following year, social workers with the Agency

---

[4] In light of the limited issue raised on appeal, we focus our factual summary on those facts relevant to the ICWA issue, specifically as to W.L., and to provide needed context.

submitted several reports to the court (i.e., interim and status review reports, addendum reports, and the section 366.26 report), but none of these reports contained new information regarding W.L.'s Indian ancestry.

At the section 366.26 hearing in March 2022, the court was reminded by the Agency and children's counsel that Father had filed a Parental Notification of Indian Status form at the detention hearing and the court had previously found ICWA did not apply to W.L. The court noted case law had since evolved making it "pretty clear" that the filing of a Parental Notification of Indian Status form was insufficient by itself to fulfill the Agency's obligations and for the court to make an ICWA finding. The court asked the Agency if it was "comfortable that the Agency ha[d] engaged in its statutory investigative requirements during its contact" with the parents and with paternal and maternal relatives. The Agency's counsel answered affirmatively. The court indicated its prior ICWA finding as to W.L. remained. The court ordered parental rights terminated and placed W.L. for adoption (§ 366.26, subd. (c)(1)).

## DISCUSSION

### I.

#### ICWA INQUIRY AND NOTICE REQUIREMENTS

"'ICWA is a federal law giving Indian tribes concurrent jurisdiction over state court child custody proceedings that involve Indian children living off of a reservation. [Citations.] Congress enacted ICWA to further the federal policy "'that, where possible, an Indian child should remain in the Indian community . . . .'"' [Citation.]" (*In re A.R.* (2022) 77 Cal.App.5th 197, 203.) "ICWA and governing federal regulations [citation] set minimal procedural protections for state courts to follow before removing Indian children and placing them in foster care or adoptive homes. [Citation.]" (*In re Rylei S.* (2022) 81 Cal.App.5th 309, 316.)

4

California has enacted legislation codifying and elaborating on ICWA's procedural protections. (*In re A.R., supra*, 77 Cal.App.5th at p. 204.) Under section 224.2, subdivision (a), the court and child protective agency "have an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child." (Accord, Cal. Rules of Court, rule 5.481(a).)[5] "The continuing duty to inquire whether a child is or may be an Indian child 'can be divided into three phases:  the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice.'  [Citations.]" (*In re Y.W.* (2021) 70 Cal.App.5th 542, 552.)

The California Legislature has imposed a duty of early inquiry on both the child protective agency (§ 224.2, subd. (a)) and the juvenile court (*id.*, subd. (c)). When a child protective agency takes a child into temporary custody, it "has a duty to inquire whether that child is an Indian child." (§ 224.2, subd. (b).) This "[i]nquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child . . . whether the child is, or may be, an Indian child . . . ." (*Ibid.*) At each parent's first court appearance, the court must (1) ask whether the parent "knows or has reason to know the child is an Indian child" (*id.*, subd. (c)) and (2) order each parent to complete the Parental Notification of Indian Status form (Cal. Rules of Court, rule 5.481(a)(2)(C)).

If either the juvenile court or child protective agency "has reason to believe that an Indian child is involved in a proceeding," then the court or the agency must "make further inquiry regarding the possible Indian status of the child" as soon as possible. (§ 224.2, subd. (e).) If "there is reason to know" an Indian child is involved in the proceeding (*id.*, subd. (f)), formal notice must be sent to the child's parents or legal

---

[5]  "Both ICWA and the Welfare and Institutions Code define an 'Indian child' as 'any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.'  [Citations.]" (*In re D.F.* (2020) 55 Cal.App.5th 558, 565.)

guardian, Indian custodian, if any, and the child's tribe. (*Ibid.*; § 224.3, subd. (a).) "It is this 'notice requirement, which . . . enables a tribe to determine whether the child is an Indian child and, if so, whether to intervene in or exercise jurisdiction over the proceeding.' [Citation.]" (*In re D.F., supra*, 55 Cal.App.5th at p. 568.)

"[T]he juvenile court 'has a responsibility to ascertain that [the child protective agency] has conducted an adequate investigation'" (*In re D.F., supra*, 55 Cal.App.5th at p. 568) and must determine whether ICWA applies to the child's proceedings (*In re Y.W., supra*, 70 Cal.App.5th at p. 552). The court may conclude ICWA does not apply to the proceedings if it finds the child protective agency has satisfied its duty of inquiry and due diligence as required in section 224.2 and there is no reason to know the child is an Indian child. (§ 224.2, subd. (i)(2).)

## II.

### THE AGENCY FAILED TO CONDUCT AN ADEQUATE INQUIRY

Father contends the Agency failed to satisfy its initial duty of inquiry because it did not ask extended family members B.L. or H.L. about W.L.'s possible Indian ancestry as required by section 224.2, subdivision (b). Father also identifies H.L.'s mother as another possible extended family member who was not interviewed about the child's Indian heritage. The Agency agrees these individuals may qualify as either extended family members or "others who have an interest in the child" (§ 224.2, subd. (b)), and the Agency concedes the record does not reflect it inquired of these individuals as to W.L.'s possible Indian heritage, despite having repeated contacts with B.L. and H.L. We accept the Agency's concession it failed to satisfy its duty of inquiry. (See *In re Benjamin M., supra*, 70 Cal.App.5th at p. 744 [by not asking extended family members whether child had Indian ancestry on paternal side, child protective agency failed its duty of inquiry].)

6

As the Agency recognizes, this court has "established a clear rule that requires reversal in all cases where the ICWA inquiry rules were not followed." (*In re E.V.* (2022) 80 Cal.App.5th 691, 694.) We agree with the parties that the matter must be remanded for compliance with the inquiry and, if necessary, notice requirements of ICWA and California law.

## DISPOSITION

The order terminating parental rights as to W.L. is conditionally reversed and the matter is remanded to the juvenile court with the following directions. Within 30 days of issuance of the remittitur, the Agency must file a report demonstrating its compliance with ICWA and section 224.2. Within 45 days of issuance of the remittitur, the juvenile court must conduct a hearing to determine whether the Agency has complied with the inquiry and notice provisions of ICWA and related California law. After the juvenile court ensures compliance with the applicable inquiry and notice requirements, it shall make a finding as to whether ICWA applies to the proceedings involving W.L. (§ 224.2, subd. (i).) The juvenile court has the discretion to adjust these time periods on a showing of good cause.

If the juvenile court finds the Agency has satisfied its duties and finds ICWA does not apply to the proceedings involving W.L., then the juvenile court shall reinstate the order terminating parental rights and placing W.L. for adoption. Alternatively, if the juvenile court finds there is reason to know W.L. is an Indian child, the court shall proceed accordingly.

MOTOIKE, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.